```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Alberto Mata

    v.                                              Civil No. 17-cv-92-JL

Robert Hazlewood, Warden, FCI Berlin


### REPORT AND RECOMMENDATION

Alberto Mata, currently a federal inmate in Florida, petitioned this court for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241, when he was an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin").  Before the court is the respondent's motion to dismiss and objection to the relief sought in the petition (Doc. No. 4).  Mata objects to the motion to dismiss (Doc. No. 7).


### Background

In March 2008, in a federal prosecution in the Southern District of Texas, Mata pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii).  See Conditional Plea Agreement, United States v. Mata, No. 5:07-CR-1435-1

("Criminal Case") (S.D. Tex. Mar. 11, 2008) (ECF No. 97).  In November 2008, Mata was sentenced to 168 months on those charges, based in part on the imposition of a ten-year mandatory minimum sentence, and to a determination that he was a "career offender" under the advisory United States Sentencing Guidelines ("Guidelines").  See Nov. 14, 2008 Judgment, Criminal Case (ECF No. 152); see also Nov. 12, 2014 Mem. & Order, Criminal Case (ECF No. 195) (discussing procedural history).

At all relevant times, Mata had both a prior cocaine "delivery" conviction, in violation of § 481.112 of the Texas Health and Safety Code,[1] and a prior Texas burglary conviction. See Pet. (Doc. No. 1), at 10.  Mata was subjected to an enhanced sentence as a "career offender" under § 4B1.1 of the Guidelines,[2]

---

[1] The Texas statute of conviction, Tex. Health & Safety Code § 481.112(a), provides that a person commits an offense if he or she "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." The record in Mata's federal criminal case indicate that Mata was convicted of "delivery of a controlled substance," cocaine, by means of "actual transfer."  Dec. 13, 2010 Mem. Supporting § 2255 Mot., Criminal Case (ECF No. 180), at 3 (citing PSI Report at 6, 8, 9); Dec. 6, 2007 Info. of Prior Convictions (Enhancement), Criminal Case (ECF No. 35).

[2] U.S.S.G. § 4B1.1(a) provides, in pertinent part:

> A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2

see id.; see also Nov. 12, 2014 Mem. & Order, Criminal Case (ECF No. 195), and to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), which provides for a ten-year minimum sentence if the defendant has been previously convicted of "felony drug offense."

Mata filed an unsuccessful direct appeal of his federal conviction and sentence, see United States v. Mata, 397 F. App'x 39 (5th Cir. 2010), and an unsuccessful motion in his federal criminal case under 28 U.S.C. § 2255, challenging the court's use of the Texas burglary conviction in finding him to be a career offender under the Guidelines.  See Dec. 13, 2010 § 2255 Mot., Criminal Case (ECF No. 179); see also Apr. 5, 2011 Mem., Criminal Case (ECF No. 181), slip op. at 2 (denying § 2255 motion).

The instant § 2241 petition focuses on Mata's Texas drug delivery conviction, in challenging the federal court's use of that prior conviction in imposing a ten-year mandatory minimum sentence under 21 U.S.C. § 841, and in citing that conviction as a predicate offense in sentencing Mata as a "career offender" under § 4B1.1 of the Guidelines.  Mata relies on two 2016 cases, Mathis v. United States, 136 S. Ct. 2243 (2016), and United

States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), arguing that those cases effectively narrowed the scope of § 841's mandatory minimum and the Guidelines career offender provisions, as applied to his drug delivery conviction.

## Discussion

### I. Savings Clause Jurisdiction

Pursuant to 28 U.S.C. § 2255, the trial court generally has exclusive jurisdiction over an individual's post-conviction motions challenging the validity of his or her conviction or sentence.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate is in prison to consider a § 2241 petition challenging the validity of his or her detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  When Mata filed the § 2241 petition at issue here, Mata was an FCI-Berlin inmate, seeking to invoke this court's "savings clause" jurisdiction under 28 U.S.C. § 2255(e).

The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

4

28 U.S.C. § 2255(e) (emphasis added).

"[P]ost-conviction relief can be termed 'inadequate' or 'ineffective'" for purposes of invoking the savings clause, "only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (emphasis in original) (citation omitted). The jurisdictional inquiry into § 2255's "adequacy and effectiveness must be judged ex ante." Id. The First Circuit has noted that "[m]ost courts have required a credible allegation of actual innocence," before a petitioner can access the savings clause. Trenkler, 536 F.3d at 99. See also United States v. Almenas, 52 F. Supp. 3d 341, 345 (D. Mass. 2014). Savings clause jurisdiction is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty under the narrowed statute. See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to be filed after Bailey v. United States, 516 U.S. 137 (1995) narrowed the definition of "use" of firearm in 18 U.S.C. § 924(c)(1)).

5

## II. <u>Guidelines Career Offender Claim</u>

Mata argues that his drug delivery conviction, after <u>Hinkle</u>, cannot be a predicate felony "controlled substance offense" for purposes of the Guidelines' career offender provision, U.S.S.G. § 4B1.1.  See <u>Hinkle</u>, 832 F.3d at 576 (mismatch of elements between Tex. Health & Safety Code § 481.112(a) and career offender provision means that conviction for drug delivery under Texas law "is not a controlled substance offense under the Guidelines," and "cannot serve as a predicate offense" under § 4B1.1").  The Fifth Circuit in <u>Hinkle</u> concluded that <u>Mathis</u> effectively required courts to depart from the mode of analysis previously sanctioned in the Fifth Circuit, which had allowed courts to refer to record documents to determine whether the federal defendant's prior Texas drug delivery conviction was a predicate "controlled substances" felony for a career offender designation under the Guidelines.  See <u>Hinkle</u>, 832 F.3d at 574-75.

The respondent Warden moves to dismiss Mata's <u>Hinkle</u> challenge to the career offender designation in his case on the basis that this court lacks savings clause jurisdiction.  The government's argument is that Mata has not demonstrated any "manifest injustice" in his case, given that his advisory

Guidelines sentence of 168 months falls below the statutory maximum for his federal conviction.  Mata's response is that his sentence, based on what Hinkle made clear is a misapplication of the career offender provision in his case, is fundamentally unfair as it dramatically, automatically, and inaccurately raised his criminal history score, effectively elevating the starting point for the district court's exercise of sentencing discretion in his case.

Even if this court were to conclude that Hinkle is new binding precedent that changed the law in the Fifth Circuit on whether Mata's drug delivery conviction could qualify as a predicate conviction under the advisory Guidelines,[3] Mata's claim

---

[3]The Fifth Circuit in Hinkle noted that Fifth Circuit cases previously allowed sentencing courts to refer to "record documents to determine the method of delivery . . . on which a defendant's conviction was based," and that "Mathis makes clear that sentencing courts may no longer do so."  Hinkle, 832 F.3d at 575 (footnote omitted).  As Mata's career offender claim in this case should be dismissed because of his failure to show that a miscarriage of justice resulted when he was sentenced as a "career offender," for purposes of invoking this court's savings clause jurisdiction, this court need not decide whether adverse precedent alone, undermining the viability of the same claims in a § 2255 motion, could make § 2255 inadequate or ineffective to test the legality of a petitioner's detention.  Cf. McCarthan v. Dir. of Goodwill Indus.-Suncoast, 851 F.3d 1076, 1087 (11th Cir.) ("Despite circuit precedent, [petitioner] could have tested the legality of his detention by requesting that we reconsider our precedent en banc or by petitioning the Supreme Court for a writ of certiorari."), cert. denied, 138 S. Ct. 502 (2017).

challenging his career offender designation is not the proper subject of this court's exercise of savings clause jurisdiction. Savings clause jurisdiction may arise over statutory claims that narrow the scope of a statute of conviction if the petitioner makes "a credible allegation of actual innocence," Trenkler, 536 F.3d at 99. Cf. United States v. Olano, 507 U.S. 725, 736 (1993) (in "collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent"). Actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Mata's claim that the career offender designation is misapplied in his case is not based on the invalidity of the prior conviction or his factual innocence of being a career offender; Mata was, in fact, convicted of a felony involving the actual transfer of cocaine prior to the imposition of the sentence he now challenges, and that conviction has not been invalidated. See Info. of Prior Convictions (Enhancement), Criminal Case, ECF No. 35. Rather, Mata's claim here is that, as a matter of law, his prior conviction can no longer be counted as a controlled substances conviction, in light of Hinkle and the mode of analysis described in Mathis. Mata's claim is thus merely an assertion of legal insufficiency of the

8

career offender designation, and not a showing of factual innocence, which means that the claim does not provide a basis for invoking the savings clause.  See Sheppard v. Wilson, Civil Action No. 4:16-CV-1154-Y, 2018 WL 488815, at *2, 2018 U.S. Dist. LEXIS 9167, at *5-*6 (N.D. Tex. Jan. 19, 2018). Accordingly, this court should dismiss Mata's § 2241 petition to the extent it asserts a claim challenging the application of the career offender Guidelines provision, § 4B1.1, in his case, without prejudice to Mata's ability to file an application in the Fifth Circuit for leave to file a second or successive § 2255 motion based on Hinkle and Mathis.

### III. Ten-Year Mandatory Minimum

Mata's remaining claim in his § 2241 petition is that, in light of Hinkle, his Texas drug delivery conviction can no longer be deemed to qualify as a prior "felony drug offense" for purposes of applying the ten-year mandatory minimum sentence under 21 U.S.C. § 841.  The Government concedes, and the court accepts that concession for purposes of this analysis, that this court has savings clause jurisdiction over the merits of that claim.

To determine whether a past conviction is a felony drug offense for purposes of applying the ten-year mandatory minimum

sentencing statute, 21 U.S.C. § 841, courts compare the elements of the crime of conviction with the elements of the statutory definition. "This analysis requires a categorical comparison between the predicate offense of conviction and the federal definition." United States v. Ocampo-Estrada, 873 F.3d 661, 667 (9th Cir. 2017).

In conducting this analysis, the court first considers "'whether the statute of conviction is a categorical match'" to the federal definition; that is, whether the statute of conviction criminalizes only as much (or less) conduct than the federal definition. Id. (citation omitted). A prior conviction of a "felony drug offense," for purposes of the ten-year mandatory minimum statute, is defined broadly as a conviction for an offense "punishable by imprisonment for more than one year under any [federal, State, or foreign] law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added). The Texas law under which Mata was convicted provides that a person commits a felony, punishable by more than one year of imprisonment, if he or she "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed

in Penalty Group 1," including cocaine. Tex. Health & Safety Code Ann. §§ 481.112(a), 481.102 (listing Penalty Group 1 substances). A plain reading of the Texas law indicates that it restricts any "conduct" relating to Penalty Group 1 controlled substances, which logically includes manufacturing, delivering, or possessing such substances. In other words, with respect to the itemized list of elements in the state law (manufacturing, delivering, or possessing a controlled substance), the federal definition of a felony drug offense, referring to "conduct," and the Texas statute, referring to actions that satisfy the definition of conduct, are categorical matches.

The next inquiry is whether the statute of conviction's reference to the substances listed in Penalty Group 1 renders that statute divisible as to each substance on the list. See Ocampo-Estrada, 873 F.3d at 667. Texas case law clarifies that an action with respect to "_each_ individual substance within the same penalty group [is] a separate and distinct offense." Watson v. State, 900 S.W.2d 60, 62 (Tex. Crim. App. 1995) (emphasis in original). In other words, each of the listed substances in Penalty Group 1 is a separate element, rendering the Texas statute of conviction divisible with respect to each of those substances. For purposes of determining if a sentence

enhancement is required by a federal law that defines the circumstances where an enhancement is required, if the predicate conviction is based on a divisible statute, courts comparing the predicate conviction with the federal definition apply the "modified categorical approach." United States v. Kennedy, No. 15-2298, 2018 WL 524757, at *4, 2018 U.S. App. LEXIS 1735, at *12-*13 (1st Cir. Jan. 24, 2018) (comparing prior convictions for state law offense with generic predicate offenses listed in Armed Career Criminal Act (citing Shepard v. United States, 544 U.S. 13, 26 (2005)); Ocampo-Estrada, 873 F.3d at 667. That is, the court examines a limited set of records from the underlying criminal case, including the charging instrument, to determine whether the crime of conviction matches the federal definition of the predicate offense. See Mathis, 136 S. Ct. at 2256; Ocampo-Estrada, 873 F.3d at 668.

Such documents in Mata's Texas drug delivery case indicate that he was convicted of delivery of cocaine -- a Penalty Group 1 substance, see Watson, 900 S.W.2d at 62 -- in violation of Tex. Health and Safety Code § 481.112. See Dec. 6, 2007 Info. of Prior Convictions (Enhancement), Criminal Case (ECF No. 35); see also Tex. Health & Safety Code § 481.102(3)(D). Cocaine is defined under federal law as a "narcotic drug" for purposes of

21 U.S.C. § 841.  See 21 U.S.C. § 802(17)(D).  Therefore, Mata's prior Texas cocaine delivery conviction qualifies as a "felony drug offense" conviction under 21 U.S.C. § 841(b)(1)(B), and Mata's claim that he was improperly subjected to a ten-year mandatory minimum sentence fails on the merits.  Accordingly, the district judge should deny the § 2241 petition on the merits, with respect to Mata's claim challenging the validity of his ten-year mandatory minimum sentence.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion to deny or dismiss the § 2241 petition (Doc. No. 4), without prejudice to Mata's ability to apply in the Fifth Circuit for leave to file second or successive § 2255 motion asserting a Hinkle or Mathis claim challenging his advisory Guidelines career offender designation under § 4B1.1.  Further, the district judge should deny the petition (Doc. No. 1) on the merits, to the extent it asserts a Hinkle or Mathis claim challenging the validity of applying a ten-year mandatory minimum sentence under 21 U.S.C. § 841 to Mata.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                               _____
                               Andrea K. Johnstone
                               United States Magistrate Judge

January 29, 2018

cc: Alberto Mata, pro se
     Seth R. Aframe, Esq.